UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**DENNIS R. and S. IMANI WOULLARD**                               **PLAINTIFFS**

v.                                        CIVIL ACTION NO.1:06cv1057 LTS-RHW

**STATE FARM FIRE AND CASUALTY COMPANY**                          **DEFENDANT**

## MEMORANDUM OPINION

The parties have notified the Court that the named plaintiffs' individual claims have been settled.  In these circumstances, the plaintiffs are no longer eligible to represent the class of State Farm Fire and Casualty Company's (State Farm) policyholders this action was intended to cover.  State Farm has requested entry of an order finally dismissing this case.  That request is unopposed by the plaintiffs, and it will be granted.

At the time the complaint in this action was filed, on October 16, 2006, there was a great deal of hope that the proposed class action settlement would lead to a prompt, just, and reasonable settlement of many of the hurricane damage claims made by State Farm policyholders.  I expressed my reservations concerning the fairness and practicality of the proposed settlement on two occasions (my order of January 26, 2007, denying preliminary approval of the proposed settlement [31] and my order setting a public hearing on the issues related to class certification [34]).  In response to the concerns I expressed, the parties provided me with no new information, beyond their pleadings, exhibits and motions. Thus there was no factual basis on which I could make the findings of fact necessary to support the approval of a settlement class such as the one the parties proposed.  Other than the representatives of the parties, none of the individuals who were heard at the February 28, 2007, hearing spoke in support of the terms of the proposed settlement agreement.

On March 12, 2007, the plaintiffs' attorneys withdrew [100] the plaintiffs' motion [25] for class certification and for preliminary approval of the proposed settlement.  This is the motion I denied without prejudice in my order [31] of January 26, 2007.  On April 6, 2007, counsel for State Farm notified the Court that the individual claims of the named plaintiffs had been settled and requested that this action be dismissed.

State Farm is presently engaged in an effort to resolve its policyholders' claims under a program it negotiated with the Mississippi Department of Insurance. This program follows, in part, the terms of the settlement agreement originally proposed in this action, particularly the guidelines embodied in the Mississippi Katrina Resolution Guideline Tool. This program does not require that the unresolved claims be decided by binding arbitration, and there are no limitations placed on the policyholders' legal rights and remedies.

Under this program State Farm will have an opportunity to make the new settlement offers required by the proposed settlement agreement and to re-evaluate the claims that were settled in the Mississippi Department of Insurance mediation program and the claims in litigation, two groups of claims that were expressly excluded from the settlement proposed in this case. While this Court hopes that the program will be a success, I am uncertain whether the program adequately addresses all the concerns I have previously expressed, and the dismissal of this action should not be understood to be an unqualified endorsement of the terms of that program.

As a practical matter, the dismissal of this action leaves some loose ends. State Farm has expressed its willingness to discuss a settlement plan with any group of representatives handling the cases in litigation. The door is open to those negotiations as far as this Court is concerned, and I am prepared to approve a general settlement or a settlement of any particular class or sub-class of claims provided the proposed settlements are just and reasonable, and provided the settlement procedures are not unduly complex. I believe it is possible that good faith negotiations can lead to a breakthrough on the settlement of these claims. State Farm has settled at least one large block of litigated cases on terms that almost all the parties found acceptable. It may be that terms the same or very similar to those that led to this block settlement would be attractive to many other parties who are similarly situated. These settlement decisions are in the hands of the litigants, where they belong.

There is an on-going controversy between State Farm and the Mississippi Attorney General, who has filed a motion [76] and an amended motion [109] to intervene in this action to enforce a state court settlement he reached with State Farm. The Attorney General contends that the state court settlement requires that State Farm submit a settlement proposal that this Court will approve, and his motion and amended motion to intervene are premised on this interpretation of the state court settlement agreement. I express no opinion on the merits of the controversy between State Farm and the Mississippi Attorney General. The settlement between State Farm and the individual plaintiffs in this action along with the plaintiffs' counsels' withdrawal of their motion for approval of the class action settlement proposal effectively ends this case, and it will be dismissed. The dismissal of this action will render the Attorney General's motion and amended motion to intervene moot, and his motion and amended motion to intervene will be denied without prejudice to his right to litigate the merits of his claim in any appropriate forum.

      The Court will continue to seek a procedure which will expedite the resolution of the claims at issue, both the claims presently in litigation and those which are not presently in litigation. Finding such a procedure promises to be in the best interests of State Farm and its policyholders, and I believe the quest for such a procedure is indeed worthwhile.

      An appropriate order will be entered.

      **DECIDED** this 16th day of April, 2007.

                                                  s/ <u>L. T. Senter, Jr.</u>
                                                  L. T. SENTER, JR.
                                                  SENIOR JUDGE